| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | JAMES P. FOGELMAN, SBN 161584 |
| 2 | jfogelman@gibsondunn.com |
| | 333 South Grand Avenue |
| 3 | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7234 |
| 4 | Facsimile: 213.229.6234 |

MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
JENNA M. YOTT, SBN 251901
jyott@gibsondunn.com
JOANNA L. POWELL, SBN 294427
jpowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, and RICHARD S. CHERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN SMITH-HAMS DRESSLER, | CASE NO. 15-5330 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | *[Removal from the Superior Court of California for the City and County of San Francisco, Case No. CGC-15-548565]* |
| CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, RICHARD S. CHERA and DOES 1-10, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Crown Acquisitions, Inc.; Crown Retail Services LLC (erroneously sued as "Crown Retail Services, LLC"); Crown Retail Services, Inc.; Brittany Heather Bragg; Haim S. Chera; and Richard S. Chera ("Defendants") hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-15-548565 in the Superior Court of California for the City and County of San Francisco. As set forth below, removal is proper pursuant to 28 U.S.C. § 1441(a) because this is a civil action and this Court has original jurisdiction under 28 U.S.C. § 1332.

## TIMELINESS OF REMOVAL

1. Plaintiff Lauren Smith-Hams Dressler ("Plaintiff") filed a Complaint for Damages and Other Relief ("Complaint") on October 21, 2015, in San Francisco Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice to Plaintiff Regarding Case Management Conference, Plaintiff's Demand for Jury Trial, and Defendants' Answer are attached as Exhibits A through F to the Declaration of Matthew S. Kahn ("Kahn Decl.") filed concurrently herewith. Plaintiff served Defendants with the Summons and Complaint on October 26, 2015. Kahn Decl., ¶ 8, Ex. G. This Notice of Removal, filed on November 20, 2015, is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after completion of service.

## GROUNDS FOR REMOVAL

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.

**I.  Plaintiff And Defendants Are Citizens Of Different States**

3. At the time the Complaint was filed, there was complete diversity of citizenship between Plaintiff, a citizen of California, and Defendants, none of whom are citizens of California.

### A. Timing Of Citizenship Determination

4. Diversity must exist at the time the lawsuit is filed; it need not exist earlier, nor must it continue thereafter. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 US 567, 571 (2004). Thus, "[e]xistence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced." *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986); *see also Redding v. Hitachi Am., Ltd.*, Case No. C 01 00481 WHA, 2002 WL 1787540, at *6 (N.D. Cal. July 22, 2002) (although principal place of business previously had been in New York, California was principal place of business for diversity purposes where "defendant . . . produced legitimate evidence that a considerable portion of its operations had been moved to California by the time the complaint was filed"), *aff'd*, 69 F. App'x 887 (9th Cir. 2003).

### B. Citizenship Of Natural Parties

5. Plaintiff is a citizen of California, domiciled in Marin County, California. Compl. ¶ 3. None of the natural defendants are citizens of California. Defendant Brittany Heather Bragg is a citizen of New York, domiciled in New York County, New York. *Id*. ¶ 7. Defendant Haim S. Chera is a citizen of New York, domiciled in Kings County, New York. *Id*. ¶ 8. Defendant Richard S. Chera is a citizen of New York, domiciled in Kings County, New York. *Id*. ¶ 9. *See also* Declaration of Brittany Heather Bragg ("Bragg Decl.") ¶¶ 2-4 (listing residences of Ms. Bragg and Messrs. Chera).

### C. Citizenship Of Crown Defendants

6. Plaintiff has brought suit against three corporate entities, none of which was a citizen of California at the time the Complaint was filed. A corporation has citizenship in (1) the state or states where it is incorporated and (2) the single state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is where it is headquartered and where its board and high-level officers direct, control, and coordinate its activities, even if the corporation has offices and conducts business activities in other states. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 93-96 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[F]or diversity jurisdiction purposes a corporation's principal place of business 'refer[s] to the place where a

corporation's officers direct, control, and coordinate the corporation's activities.'") (quoting *Hertz*, 559 U.S. at 81); *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) (principal place of business is where company's "officers make significant corporate decisions and set corporate policy," even if different location identified on company website and certain day-to-day operations managed elsewhere). A court may look to declarations and other evidence to assist in the determination of the principal place of business. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 763-64 (9th Cir. 2002).

7. A limited liability company has citizenship in the state or states where its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

8. <u>Crown Acquisitions, Inc.</u>: Crown Acquisitions, Inc. is not a citizen of California. It is a citizen of New York only, because it is incorporated in New York and, as of October 21, 2015, its principal place of business was in New York. Compl. ¶ 4; Bragg Decl. ¶ 6.

9. <u>Crown Retail Services LLC</u>: Crown Retail Services LLC is not a citizen of California. It is a citizen of New York because its members are citizens of New York. The members of Crown Retail Services LLC are Defendants Brittany Heather Bragg, Haim S. Chera, and Richard S. Chera, as well as non-parties Stanley Chera and Isaac Chera. Bragg Decl. ¶ 7. Defendants Brittany Heather Bragg, Haim S. Chera, and Richard S. Chera are citizens of New York. *See supra* § I.B. Stanley Chera is a citizen of New York, domiciled in Kings County, New York. Bragg Decl. ¶ 9. Isaac Chera is a citizen of New York, domiciled in Kings County, New York. *Id.* ¶ 10.

10. <u>Crown Retail Services, Inc.</u>: Crown Retail Services, Inc. ("CRS Inc.") is not a citizen of California. It is incorporated in Delaware, and thus is a citizen of Delaware. Compl. ¶ 6. As of October 21, 2015, its principal place of business was in New York, and thus CRS Inc. is also a citizen of New York. *See* Bragg Decl. ¶ 12. The officers of CRS Inc. are Brittany Heather Bragg, Isaac Chera, Stanley Chera, Haim S. Chera, and Richard S. Chera, all of whom reside in New York, and the headquarters of CRS Inc. is in New York. *Id.* ¶¶ 11-12. CRS Inc. currently is, and as of October 21, 2015, was, largely a non-operating entity. *Id.* ¶ 12. During a period several months prior to

October 21, 2015, when it did have ongoing business activities and operations, the officers of CRS Inc. directed, controlled, and coordinated CRS Inc.'s activities and operations from New York. *Id.*[1]

11. The Complaint alleges that CRS Inc. has its principal place of business in San Francisco, California (Compl. ¶ 6), but the evidence concurrently submitted by Defendants, in the form of Brittany Heather Bragg's Declaration, demonstrates that that allegation is false as of the only time that matters for purposes of citizenship for diversity jurisdiction: October 21, 2015, *i.e.*, when the Complaint was filed. *See Hertz*, 559 U.S. at 96-97 (determining citizenship at time complaint was filed on the basis of "competent proof" provided by party asserting diversity jurisdiction); *United Computer Sys.*, 298 F.3d at 763 ("[C]orporate defendants have met th[eir] burden [of establishing diversity at time complaint was filed] by submitting the affidavits of knowledgeable company officials specifying the state of incorporation and providing statistics showing the number of corporate employees, income, sales and the location of top management, since these factors determine corporate activity in California or elsewhere. This detailed information sufficiently demonstrates that none of the corporate defendants is a citizen of California for the purposes of § 1332(c).").[2] CRS Inc. closed its California office well before October 21, 2015. Bragg Decl. ¶ 13. CRS Inc. has never had any employees in California (or otherwise). *Id*. The entity owns no property in California, has not maintained an office in California since July 2015, and canceled its phone service in California as of September 2015. *Id*.

12. California thus is not CRS Inc.'s principal place of business, and the corporation is not a citizen of California. The fact that CRS Inc. *previously* had a California office is of no moment for diversity and removal purposes because citizenship is determined at the time a complaint is filed. In

---

[1] While CRS Inc. presently still maintains a bank account, since October 13, 2015, no funds have been paid into or out of that bank account (other than one transfer to Crown Retail Services LLC); as of October 21, 2015, that bank account held only approximately $98,000; no funds are anticipated to be paid out of that bank account in the future other than to Crown Retail Services LLC; and the only funds anticipated to be paid into that bank account in the future are monthly payments of approximately $10,000 for property management at a single property that is performed by another company, not CRS Inc. Bragg Decl. ¶ 12.

[2] The *United Computer Systems* court applied a test to determine a corporation's principal place of business that pre-dates the controlling test announced by the Supreme Court in *Hertz*.

*Redding*, the court held, and the Ninth Circuit affirmed, that a defendant corporation whose principal place of business *had been* in New York at the time of the events underlying plaintiff's claims was, nevertheless, a citizen of California and not New York for diversity purposes because its principal place of business had *moved* by the time the complaint was filed. *Redding*, 2002 WL 1787540, at *7. Indeed, even though the defendant corporation had previously stated in judicial and agency filings that its principal place of business was New York and not California, the court nevertheless held that defendant's "principal place of business had moved to California over time[,] . . . and that's where [its operations] are now and that's where they were a year ago when this complaint was filed and when [defendant] answered the complaint." *Id*. at *3 (internal quotation omitted). Because more of the corporation's employees, executives, facilities, assets, and sales were located in California than in New York at the time the complaint was filed, the corporation was a citizen of California for diversity purposes. *Id*. at *7. Here, CRS Inc. has never had any employees anywhere, including in California; its executives and headquarters have always been in New York; and its California office closed months before the Complaint was filed. CRS Inc. is not a California citizen.

### D. In The Alternative, The Citizenship Of CRS Inc. Need Not Be Considered Because CRS Inc. Was Fraudulently Joined

13. In the alternative, even if CRS Inc. were a California citizen (it is not), its citizenship is irrelevant because it was fraudulently joined. Courts disregard the citizenship of non-diverse defendants that have been fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined[.]'"). Fraudulent joinder exists where courts determine that the plaintiff has failed "to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (internal quotation omitted) (affirming denial of motion to remand where res judicata and statute of limitations barred any action against non-diverse defendants). The court may pierce the pleadings and look to evidence such as declarations, and the court does not need to make a finding of fraudulent intent on the part of the plaintiff or its counsel. *Id*. (defendant seeking removal may "present the facts showing the joinder to be fraudulent"); *see also Brown v. Allstate Ins. Co.*, 17

1  F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (denying remand and noting that fraudulent joinder "is not
2  intended to impugn the integrity of Plaintiff or his counsel").

3  14.  Here, it is not even necessary to consider any evidence: it is "obvious," *see Ritchey*,
4  139 F.3d at 1319, that Plaintiff cannot prove a cause of action against CRS Inc. for the simple reason
5  that the Complaint *makes no material factual allegations* regarding CRS Inc.  The only mention of
6  CRS Inc. occurs at Paragraph 6, where the Complaint acknowledges that CRS Inc. is incorporated in
7  Delaware and inaccurately alleges, in a conclusory manner, that its principal place of business is in
8  California.  Compl. ¶ 6.  But that is it:  Plaintiff does not include CRS Inc. in her definition of
9  "Crown" (*see id.* ¶¶ 4-5), and each and every one of her allegations against corporate entities is
10 pleaded against "Crown" only, *not* CRS Inc.  *See id.* ¶¶ 58, 61, 63 (making allegations of breach of
11 written contract against "Crown"); *id*. ¶¶ 69, 71 (making allegations of breach of oral contract against
12 "Crown"); *id*. ¶¶ 86, 93 (making allegations of fraudulent inducement against "Crown"); *id*. ¶ 100
13 (making allegations of negligent misrepresentation against "Crown"); *id*. ¶¶ 105-06, 110, 112
14 (making allegations of false promise against "Crown"); *id*. ¶¶ 116, 120 (making allegations of
15 fraud/concealment against "Crown"); *id*.  ¶¶ 123-33 (pleading violations of California Labor Code
16 sections 970 and 972 against Crown Acquisitions, Inc. and Crown Retail Services LLC only); *id*.
17 ¶¶ 134-40 (pleading failure to pay wages against Crown Acquisitions, Inc. and Crown Retail Services
18 LLC only).

19 15.  Thus, although CRS Inc. is *not* a California citizen, even if it were, its citizenship
20 would be irrelevant because it has been fraudulently joined as a defendant in this case.  Accordingly,
21 there is complete diversity of citizenship between the parties.  *See Hoffman v. May*, 313 F. App'x
22 955, 958 (9th Cir. 2009) (affirming denial of motion to remand on grounds that non-diverse
23 defendant had been fraudulently joined where plaintiffs failed to plead any facts connecting non-
24 diverse defendant to their alleged injuries); *Morris*, 236 F.3d at 1068 (affirming denial of motion to
25 remand on grounds that non-diverse defendant had been fraudulently joined where plaintiff had made
26 only conclusory, non-actionable allegations of negligent misrepresentation against it); *Brown*, 17 F.
27 Supp. 2d at 1137 ("Although Plaintiff's complaint and FAC name the three individual defendants in
28 the caption and in the headings of some causes of action, no material allegations against these

defendants are made.  Because Plaintiff has failed to state a cause of action against them, the individual defendants have been fraudulently joined.").

### E.   Citizenship Of Doe Defendants

16.   The citizenship of Defendants Does 1-10 is not relevant.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## II.   The Amount In Controversy Exceeds $75,000

17.   In her Complaint, Plaintiff alleges that she is owed approximately $3 million or more as her unpaid equity interest in certain real estate transactions.  Compl. ¶ 52.  She also alleges that she is owed an unspecified amount of additional unpaid compensation.  *Id*. ¶ 56.  The amount in controversy thus exceeds $75,000, meeting the standard for diversity jurisdiction under 28 U.S.C. § 1332(a).

## **CONCLUSION**

18.   Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  Accordingly, this action is properly removable under 28 U.S.C. §§ 1441 and 1446.  The United States District Court for the Northern District of California is the federal judicial district embracing the San Francisco Superior Court, where the suit was originally filed.  *See* 28 U.S.C. § 1441(a); N.D. Cal. L.R. 3-2(d).  Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiff and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court.  *See* 28 U.S.C. § 1446(d).

///

///

///

| | |
|---|---|
| Dated: November 20, 2015 | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ James P. Fogelman <br> James P. Fogelman |
| | Attorneys for Defendants CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, and RICHARD S. CHERA |