GIBSON, DUNN & CRUTCHER LLP
JAMES P. FOGELMAN, SBN 161584
jfogelman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7234
Facsimile:   213.229.6234

MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
JENNA M. YOTT, SBN 251901
jyott@gibsondunn.com
JOANNA L. POWELL, SBN 294427
jpowell@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendants CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, and RICHARD S. CHERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN SMITH-HAMS DRESSLER,<br><br>Plaintiff,<br><br>v.<br><br>CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, RICHARD S. CHERA and DOES 1-10,<br><br>Defendants. | CASE NO. 15-5330-VC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date: February 11, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 17th Floor<br>Before: The Hon. Vince Chhabria<br><br>Action Filed: October 21, 2015 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A. The Motion Should Be Denied Because CRS Inc. Was Fraudulently Joined. ........................................................................................................ 1

    B. The Motion Should Be Denied Because No Defendant, Including CRS Inc., Is A California Citizen. .................................................................... 5

        1. The Undisputed Evidence Establishes That CRS Inc. Is A Citizen Only Of Delaware And New York. ........................................ 5

        2. Plaintiff's "Inactive Corporation" Argument Fails For Numerous Reasons. ............................................................................ 8

III. CONCLUSION .................................................................................................. 11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abrego Abrego v. The Dow Chemical Co.*,
    443 F.3d 676 (2006) ................................................................................................................1

*Brown v. Allstate Ins. Co.*,
    17 F. Supp. 2d 1134 (S.D. Cal. 1998) ........................................................................1, 2, 3, 4

*Co-Efficient Energy Sys. v. CSL Indus., Inc.*,
    812 F.2d 556 (9th Cir. 1987) ....................................................................................................8

*Destfino v. Reiswig*,
    630 F.3d 952 (9th Cir. 2011) ....................................................................................................1

*Donald v. Golden 1 Credit Union*,
    839 F. Supp. 1394 (E.D. Cal. 1993) .........................................................................................1

*Duncan v. Stuetzle*,
    76 F.3d 1480 (9th Cir. 1996) ....................................................................................................1

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ....................................................................................................1

*Grupo Dataflux v. Atlas Global Group, L.P.*,
    541 U.S. 567 (2004) ............................................................................................................7, 10

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
    494 F.3d 1203 (9th Cir. 2007) ..................................................................................................4

*Harris v. Rand*,
    682 F.3d 846 (9th Cir. 2012) ....................................................................................................7

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ............................................................................................................*passim*

*Holston Investments Inc. B.V.I. v. LanLogistics Corp.*,
    677 F.3d 1068 (11th Cir. 2012) ................................................................................................8

*Hoschar v. Appalachian Power Co.*,
    739 F.3d 163 (4th Cir. 2014) ....................................................................................................5

*Hunter v. Philip Morris USA*,
    582 F.3d 1039 (9th Cir. 2009) ..................................................................................................4

*Johnson v. Circuit City Stores, Inc.*,
    71 F. Supp. 2d 1026 (N.D. Cal. 1999) .....................................................................................1

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Jones v. Republic Products*,
    112 F.2d 672 (9th Cir. 1940)..................................................................................................4

*King ex rel. King v. Aventis Pasteur, Inc.*,
    210 F. Supp. 2d 1201 (D. Or. 2002) .......................................................................................6

*Kruso v. I.T.T.*,
    872 F.2d 1416 (9th Cir. 1989)................................................................................................3

*Levine v. Allmerica Fin. Life Ins. & Annuity Co.*,
    41 F. Supp. 2d 1077 (C.D. Cal. 1999)....................................................................................6

*Mann v. City of Tucson, Dep't of Police*,
    782 F.2d 790 (9th Cir. 1986)..................................................................................................7

*McAnally Enters. v. McAnally*,
    107 F. Supp. 2d 1223 (C.D. Cal. 2000)..................................................................................1

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001).........................................................................................1, 3, 4

*Pac. Mar. Ass'n v. Mead*,
    246 F. Supp. 2d 1087 (N.D. Cal. 2003) .................................................................................6

*Patel v. Sugen, Inc.*,
    354 F. Supp. 2d 1098 (N.D. Cal. 2005) .................................................................................9

*Plute v. Roadway Package Sys., Inc.*,
    141 F. Supp. 2d 1005 (N.D. Cal. 2001) .................................................................................1

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*,
    167 F.3d 1261 (9th Cir. 1999)................................................................................................1

*Redding v. Hitachi Am., Ltd.*,
    Case No. C 01 00481 WHA, 2002 WL 1787540 (N.D. Cal. July 22, 2002) .......................10

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998)............................................................................................1, 2

*Sanderson v. Brooks*,
    CV13-03497-ODW-SHx, 2013 U.S. Dist. LEXIS 93909 (C.D. Cal. July 3, 2013)...............7, 9, 10

*Smallwood v. Illinois Cent. R. Co.*,
    385 F.3d 568 (5th Cir. 2004)..................................................................................................2

*Snyder v. Advanced Acads., Inc.*,
    No. CIV-14-1383-R, 2015 WL 1529022 (W.D. Okla. Apr. 3, 2015)...................................10

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Zamani v. Carnes*,
  491 F.3d 990 (9th Cir. 2007) ................................................................................................. 3

**Statutes**

28 U.S.C. § 1332 ........................................................................................................................ 6, 7

28 U.S.C. § 1453 ............................................................................................................................ 1

Del. Corp. Code § 271 *et seq.* ....................................................................................................... 9

## I. INTRODUCTION

Defendants' Notice of Removal (ECF No. 1) established that removal is proper here for two independent and alternative reasons. *First*, the undisputed evidence demonstrates conclusively that there is complete diversity of citizenship because Plaintiff is a citizen of California and no Defendant is a citizen of California. *Id.* at 3-5. *Second*, even if one Defendant, CRS Inc., were a citizen of California (it is not), CRS Inc. was fraudulently joined as a party due to Plaintiff's total failure to allege any viable claims against it. *Id.* at 5-7. Defendants thus have met their burden of establishing that removal is proper, unlike the parties in Plaintiff's inapposite cases that found removal improper on grounds that have no application here. *See* Mot. at 1-2.[1] Plaintiff's Motion, meanwhile, utterly fails to refute either of Defendants' showings. The Motion should be denied.

## II. ARGUMENT

### A. The Motion Should Be Denied Because CRS Inc. Was Fraudulently Joined.

While the Court need not even consider fraudulent joinder where, as here, no Defendants are California citizens (*see infra* § II.B), Plaintiff's Motion addresses this issue first so Defendants do the same. As Defendants' Notice of Removal explained at length (ECF No. 1 at 5-7), removal is proper under the fraudulent joinder doctrine where a plaintiff has failed "to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). In other words, a defendant is deemed fraudulently joined where the plaintiff makes only conclusory, immaterial or non-actionable allegations against it. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Brown*

---

[1] *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (removal improper because not all defendants consented to removal), *superseded by statute*, Class Action Fairness Act, 28 U.S.C. § 1453, *as recognized in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (removal improper because no federal question); *Johnson v. Circuit City Stores, Inc.*, 71 F. Supp. 2d 1026, 1029 (N.D. Cal. 1999) (same); *Donald v. Golden 1 Credit Union*, 839 F. Supp. 1394, 1403 (E.D. Cal. 1993) (same); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (removal improper because defendant failed to satisfy amount in controversy requirement); *McAnally Enters. v. McAnally*, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (removal improper because untimely), *abrogated by Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008-12 (N.D. Cal. 2001) (removal improper because of factual dispute regarding defendants' status as independent contractors versus employees).

---

*v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998).

Here, removal unquestionably is proper under the fraudulent joinder doctrine because Plaintiff's Complaint makes no material or actionable factual allegations regarding CRS Inc. Indeed, the Complaint does not allege *any* conduct whatsoever by CRS Inc., much less wrongful conduct directed at Plaintiff for which it could be liable to Plaintiff. The only allegation directed toward CRS Inc. occurs at Paragraph 6, where the Complaint merely alleges CRS Inc.'s state of incorporation and (inaccurately) its principal place of business. ECF Nos. 1-3 ¶ 6. But that is it: Plaintiff does not include CRS Inc. in her definition of "Crown" (*see id.* ¶¶ 4-5), and each and every one of her allegations against the corporate entity Defendants is pleaded against "Crown" only, not CRS Inc. *See id.* ¶¶ 58, 61, 63, 69, 71, 86, 93, 100, 105-06, 110, 112, 116, 120, 123-33, 134-40.

Plaintiff's Motion ***does not dispute any of this***. She utterly fails to address the Notice of Removal's arguments or dispositive authorities, thus conceding them. Instead, Plaintiff misunderstands the applicable case law and the very claims and allegations of her own Complaint.[2]

Plaintiff first insists that fraudulent joinder does not apply because she named CRS Inc. as a defendant in "good faith." Mot. at 3. But Plaintiff's state of mind is totally irrelevant: as Defendants explained in their Notice of Removal (ECF No. 1 at 5-6), "[f]raudulent joinder is a term of art and is not intended to impugn the integrity of Plaintiff or [her] counsel." *Brown*, 17 F. Supp. 2d at 1137. Plaintiff's "good faith" and "belief[s]" (Mot. at 3-4) thus have no bearing on the question of fraudulent joinder.

---

[2] Plaintiff asserts that Defendants must "prove fraudulent joinder by clear and convincing evidence" (Mot. at 2), but where, as here, fraudulent joinder is evident from the face of the complaint alone, that standard is inapplicable. *Cf. Ritchey*, 139 F.3d at 1318 (possible for court to "look[] to the complaint alone to determine that no . . . cause of action could be stated") (citation omitted). While of course courts look beyond the pleadings to assess if a ***defendant*** can show a plaintiff's otherwise well-pleaded allegations do not actually state a viable claim, courts do ***not*** look past the pleadings to see if a ***plaintiff*** could somehow fix otherwise deficient allegations and avoid fraudulent joinder. *See Brown*, 17 F. Supp. 2d at 1137 (finding fraudulent joinder solely on basis of complaint and rejecting plaintiff's attempt to defeat fraudulent joinder by reference to facts outside of complaint); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) ("[A] summary inquiry [into facts beyond those alleged in the complaint] is appropriate only to identify the presence of . . . facts that would preclude plaintiff's recovery against the in-state defendant.").

Plaintiff next conclusorily asserts that she does in fact state a claim against CRS Inc. (Mot. at 3), but she notably fails to explain which of her claims possibly could apply to CRS Inc. or how. Nor could she, because none of her factual allegations or claims pertains in *any way* to CRS Inc., as explained *supra* and in Defendants' Notice of Removal. ECF No. 1 at 6. According to Plaintiff's Motion, CRS Inc. "played an integral role in Plaintiff's relationship with" Defendants; is "the entity responsible for and with control over all of Defendants' West Coast real estate brokerage business"; was "establish[ed]" by Plaintiff; "holds rights or income related to the property at issue"; and "performed an essential function" in Defendants' California conduct. Mot. at 3-4. Critically, however, these allegations either (1) are *not even in the Complaint* (as Plaintiff's lack of citations confirms),[3] or (2) do not relate in any way to an actual legal theory of wrongdoing by, or recovery from, CRS Inc. While Plaintiff contends that *she* took actions relating to CRS Inc., that is not the same as CRS Inc. doing something actionable *to her*. Nor are her claims that CRS Inc. "played an integral role" related to her allegations against the *other* Defendants (Mot. at 3-4) equivalent to stating a viable cause of action against *CRS Inc. itself*. Simply put, CRS Inc. is fraudulently joined because Plaintiff has not pleaded any material or actionable factual allegations that CRS Inc. had a contract with Plaintiff that CRS Inc. breached, nor that it engaged in any misrepresentation, Labor Code violations, or any of the other legal violations asserted in the Complaint. *See, e.g.*, *Morris*, 236 F.3d at 1068 (affirming denial of motion to remand where plaintiff did not plead actionable claims against fraudulently joined defendant).

---

[3] To the extent Plaintiff attempts for the first time in her reply brief to contend that she could amend her complaint to state a claim against CRS Inc., that ploy fails for two reasons. First, it is forbidden at the reply stage. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's rejection of new argument because "[t]he district court need not consider arguments raised for the first time in a reply brief"). Second, where, as here, fraudulent joinder is evident from the face of the complaint, the doctrine cannot be overcome by a showing of facts the plaintiff purportedly could allege in an amended complaint. *Kruso v. I.T.T.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989) (affirming denial of motion to remand on fraudulent joinder grounds based solely on "the facts alleged in the original complaint" that existed at time of removal and refusing to "consider the allegations contained in the unfiled 'Proposed First Amended Complaint'" because "[w]hether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed") (quotations and citation omitted); *Brown*, 17 F. Supp. 2d at 1137 (finding fraudulent joinder based on complaint as filed and rejecting plaintiff's request "to amend the FAC to correct this error").

Unable to refute her Complaint's total lack of material factual allegations as to CRS Inc., Plaintiff instead points to her inclusion of CRS Inc. in her "numerous causes of action against all Defendants" and says she "seeks both declaratory relief and an accounting" from all Defendants in her prayer for relief. Mot. at 3. But as explained in the Notice of Removal (ECF No. 1 at 6) and ignored by Plaintiff, the mere act of naming CRS Inc. as a defendant and including it in the labels of some of her causes of action as one of "All Defendants" is ***not*** equivalent to actually alleging actionable misconduct by CRS Inc., and such pleading thus cannot overcome the fraudulent joinder doctrine. Indeed, Plaintiff's causes of action and prayer for relief contain precisely the types of conclusory, non-actionable allegations that the Ninth Circuit has held insufficient to avoid removal. *See, e.g.*, *Morris*, 236 F.3d at 1068 (defendant fraudulently joined where plaintiff made only "non-actionable" allegations against it); *Brown*, 17 F. Supp. 2d at 1137 ("Although Plaintiff's complaint and FAC name the three individual defendants in the caption and in the headings of some causes of action, no material allegations against these defendants are made. Because Plaintiff has failed to state a cause of action against them, the individual defendants have been fraudulently joined.").

Importantly, Plaintiff does not challenge or address in any way the controlling case law cited by Defendants in their Notice of Removal. And her own citation to the 75-year-old *Jones v. Republic Products*, 112 F.2d 672 (9th Cir. 1940) gives her no help. *See* Mot. at 4. Contrary to Plaintiff's false assertion, the Ninth Circuit in *Jones* did ***not*** reverse the denial of a motion for remand because the party alleged to have been fraudulently joined had simply "played a role in the factual allegations at issue." *Id*. Rather, the court ordered that the action be remanded because the plaintiff had alleged a viable cause of action against the in-state defendant for conspiracy to engage in unfair competition; thus, there was no fraudulent joinder. *Jones*, 112 F.2d at 673. Nor do Plaintiff's citations to *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) or *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203 (9th Cir. 2007) support her Motion. Mot. at 2-3. *Hunter* stands for the unremarkable proposition—not at issue here—that the possibility of a successful defense does not imply that plaintiffs have failed to state a cause of action. 582 F.3d at 1045. And in *Hamilton Materials*, the Ninth Circuit actually affirmed the denial of a motion to remand on fraudulent joinder grounds, much as Plaintiffs' Motion should be denied. 494 F.3d at 1206.

In short, while Plaintiff tries to argue that her "factual allegations center on Defendants' conduct" (Mot. at 4), CRS Inc. simply ***is not one of those "Defendants"*** and she alleges ***no "conduct" by CRS Inc***.  Accordingly, even if this Court found that CRS Inc. is a California citizen (it is not, as explained *infra* § II.B), this Court should deny Plaintiff's Motion on the independent alternative ground that CRS Inc. was fraudulently joined.[4]

**B.     The Motion Should Be Denied Because No Defendant, Including CRS Inc., Is A California Citizen.**

**1.     The Undisputed Evidence Establishes That CRS Inc. Is A Citizen Only Of Delaware And New York.**

As Defendants' Notice of Removal explained and Plaintiff concedes (Mot. at 4), corporations like CRS Inc. are citizens ***only*** of (1) their state(s) of incorporation and (2) the single state where they have their principal place of business.  ECF No. 1 at 2-3.  The principal place of business is the corporation's "nerve center"; in other words, where it is headquartered and where its board and high-level officers direct, control, and coordinate its activities, ***even if*** the corporation has offices and conducts business activities in other states.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 93-96 (2010).  *Hertz* requires that in determining the principal place of business, courts look to where the corporation's "officers make significant corporate decisions and set corporate policy," even if a different location is identified on a company website and certain day-to-day operations occur and are managed elsewhere.  *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) (citing *Hertz* and affirming denial of motion to remand where state listed on website as "headquarters" and where day-to-day operations took place was not the same as state of corporate decision making).

The undisputed evidence[5] that accompanied Defendants' Notice of Removal establishes without question that CRS Inc. is a citizen only of Delaware (where it is incorporated) and New York

---

[4] Plaintiff's request for an interrogatory regarding the source of revenue for the CRS Inc. bank account is a complete *non sequitur*.  *See* Mot. at 3.  Plaintiff provides no explanation for why a response to this proposed interrogatory would have any relevance to establishing whether she has alleged a viable cause of action against CRS Inc., or why "the source of funds" for CRS Inc.'s bank account matters one way or the other to the question of fraudulent joinder.

[5] While Plaintiff is correct that disputed questions of fact and law are resolved against the removing party (Mot. at 2), she has failed to identify any such disputes here.  Further, Plaintiff's authorities on this point are inapposite as they arose in contexts bearing no resemblance to the instant

*(Cont'd on next page)*

(where its principal place of business is located). Specifically as to CRS Inc.'s principal place of business, and contrary to Plaintiff's completely unsupported assertion that CRS Inc. "has never had any connection" to New York (Mot. at 6), the Declaration of CRS Inc.'s Chief Operating Officer states under oath that "[t]hroughout its existence, CRS Inc.'s business activities and operations have been directed, controlled, and coordinated from CRS Inc.'s headquarters in New York by myself and the other officers of CRS Inc." ECF Nos. 1-9 ¶¶ 11-12. Critically, Plaintiff does not dispute this sworn testimony or submit any contrary testimony of her own. In fact, Plaintiff affirmatively concedes that "***Defendants directed***" CRS Inc.'s business operations (Mot. at 4-5 (emphasis added)), and it is undisputed that Defendants did so from New York. The Court can deny the Motion to Remand on this basis alone, as these undisputed facts conclusively demonstrate that CRS Inc. is not a citizen of California under *Hertz*.

Instead of engaging with these dispositive facts, Plaintiff makes a series of factual contentions that are ***entirely consistent with*** (although irrelevant to) CRS Inc.'s citizenship in New York. Specifically, Plaintiff alleges that: CRS Inc. conducted operations in California; money in CRS Inc.'s bank account is derived from business in California; in March and August 2015 (*i.e.*, well before Plaintiff's Complaint was filed), the website of Defendant CRS LLC (not CRS Inc.) listed a San Francisco office; and CRS Inc.'s June 18, 2014 California Certificate of Qualification (*i.e.*, issued more than a year before the Complaint was filed) listed San Francisco as CRS Inc.'s "Principal Executive Office" at the time and Plaintiff as "President" at the time. Mot. at 4-5.

None of these facts matters one bit to the citizenship inquiry under 28 U.S.C. § 1332, and Plaintiff notably fails to cite a single case suggesting otherwise. *First*, the Supreme Court has held that a corporation may have operations (even all of its operations) in a given state ***without being a***

---

*(Cont'd from previous page)*

dispute. *See Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1092 (N.D. Cal. 2003) (removal improper where defendant failed to establish state law was preempted); *King ex rel. King v. Aventis Pasteur, Inc.*, 210 F. Supp. 2d 1201, 1209 (D. Or. 2002) (removal improper because law was unclear as to whether Vaccine Act required plaintiffs to pursue administrative remedies prior to filing suit); *Levine v. Allmerica Fin. Life Ins. & Annuity Co.*, 41 F. Supp. 2d 1077, 1079 (C.D. Cal. 1999) (removal improper where defendant's status as a dual insurance agent, with duty to both insurer and insured, was disputed question of fact).

*citizen* of that state.  *Hertz*, 559 U.S. at 96 ("For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").  The test is not where "CRS Inc. . . . ***conducts*** . . . its business," as Plaintiff incorrectly contends (Mot. at 4 (emphasis added)); it is from where the business activities are "'***direct[ed], control[led] and coordinate[d]***.'"  *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) (quoting *Hertz*, 559 U.S. at 81) (emphasis added).  *Second*, as the Notice of Removal demonstrated (ECF No. 1 at 4) and Plaintiff entirely ignores, the only relevant time for determining citizenship is the time the Complaint was filed, *i.e.*, October 21, 2015.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) ("[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured] against the state of facts that existed at the time of filing[.]"); *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986) ("Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint . . . .").

It is thus doubly irrelevant that, well before the Complaint was filed, CRS Inc. previously maintained an office in San Francisco, previously listed that office on a website, and previously established itself as a licensed broker in California.  And while Plaintiff has submitted no evidence that, prior to the time the Complaint was filed, she was actually the duly-appointed "President" of CRS Inc. or ever "controlled" it (*see* Mot. at 5-6), these purported "facts" are ***completely irrelevant*** because it is undisputed that Plaintiff ***resigned from*** CRS Inc. on June 12, 2015, months before the Complaint was filed on October 21, 2015.  ECF Nos. 1-3 ¶ 53.  Thus, even if Plaintiff ***previously*** had been "President" and the controller of CRS Inc. (she was not), she certainly was neither at the only time that matters for determining jurisdiction under 28 U.S.C. § 1332.

Nor does it matter that CRS Inc. merely maintains a single bank account in California.  As the Notice of Removal explained and Plaintiff does not address at all in her Motion, these activities simply do not bear on the crucial question of corporate citizenship:  the location from where, at the time the Complaint was filed, the officers of CRS Inc. directed its operations.  Indeed, one of Plaintiff's own authorities states that "[m]aintaining a bank account . . . does ***not*** qualify as directing, controlling, or coordinating [a company's] corporate activities."  *Sanderson v. Brooks*, CV13-03497-

ODW-SHx, 2013 U.S. Dist. LEXIS 93909, at *18 (C.D. Cal. July 3, 2013) (quotation and citation omitted; emphasis added).

Far from attempting to "transmute" the principal place of business of CRS Inc. from California to New York (Mot. at 4), as demonstrated *supra* and in the Notice of Removal, the undisputed evidence is that the officers of CRS Inc. are all in New York and have **always** directed CRS Inc.'s business from New York, regardless of the location of actual operations. CRS Inc. is therefore a citizen of New York (as well as Delaware, its state of incorporation) and not a citizen of California. Plaintiff's Motion thus should be denied.[6]

### 2. Plaintiff's "Inactive Corporation" Argument Fails For Numerous Reasons.

Plaintiff makes a last-ditch argument that CRS Inc. purportedly is an "inactive corporation," and therefore its citizenship should be determined based on its "last principal place of business," which she alleges is California. Mot. at 6. This argument fails for several independent reasons.

*First*, CRS Inc. is not an "inactive corporation." The term "inactive corporation" in the context of a corporate citizenship inquiry is a term of art that applies only to corporations that have formally wound up and dissolved. *Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 558 n.2 (9th Cir. 1987) (corporation not "inactive" for citizenship purposes where it has not "formally terminated its operations and engaged in winding up procedures").[7] CRS Inc., of course, has neither wound up nor dissolved. While CRS Inc. presently has no significant business activities (ECF No. 1-9 ¶ 12), there is a fundamental difference between a corporation that presently is not doing much and a corporation that **legally cannot do anything**. *See Co-Efficient Energy*, 812 F.2d at 558 & n.2 (holding corporation "not inactive" and observing that unless corporation has "formally terminated its operations and engaged in winding up procedures," it is not legally inactive); *see also Holston*

---

[6] Plaintiff falsely asserts that "Defendants contend that CRS Inc. is **now** a citizen of New York because, since Ms. Dressler is no longer working for Crown in San Francisco, Crown's officers are the *de facto* controllers from New York." Mot. at 5-6 (emphasis added). Not so. CRS Inc. has **always** been a citizen of New York, as the evidence submitted with the Notice of Removal conclusively establishes.

[7] This and all other pre-2010 corporate citizenship cases were abrogated in part by *Hertz* solely as to their discussion of the test for determining a corporation's principal place of business. The principles for which these cases are cited herein remain good law.

*Investments Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012) (corporation was legally inactive as it had "dissolved and formally withdrew from business" prior to filing of complaint); *cf.* Del. Corp. Code § 271 *et seq.* (describing process for dissolving and winding up of Delaware corporation like CRS Inc., including formally filing a Certificate of Dissolution). Further, the undisputed evidence shows that CRS Inc. continues to maintain a bank account that holds approximately $100,000 and receives monthly payments relating to real estate business. ECF Nos. 1-9 ¶ 12.

Plaintiff ignores this important distinction between formally "inactive corporations" and viable companies like CRS Inc. that presently are not conducting significant business, and her one authority regarding the citizenship of a formally inactive corporation is thus inapposite. *See* Mot. at 6. Unlike CRS Inc., which Plaintiff herself admits has "ongoing business" and "continues to conduct business" (Mot. at 4-5), the corporate entity at issue in *Sanderson* had permanently abandoned any and all business efforts, "its doors" had "closed" two years before the litigation had been filed, it "went inactive," and thereafter it engaged in no activities other than winding up. 2013 U.S. Dist. LEXIS 93909, at *4, *15, *21.

*Second*, even if CRS Inc. were an "inactive corporation" (it is not), *Sanderson* is not controlling precedent for Plaintiff's proffered "last principal place of business" test. As *Sanderson* itself acknowledges, "the Ninth Circuit has never opined on the principal place of business of an inactive corporation." *Id.* at *7. Lower courts and other circuits have developed three tests to determine an inactive corporation's principal place of business: (i) last principal place of business; (ii) no principal place of business (*i.e.*, the inactive corporation is only a citizen of its state of incorporation); and (iii) a "substantial period of time" test (*i.e.*, if corporation has been inactive for several years, it has no principal place of business; if a shorter period, last principal place of business is relevant but not dispositive). *Patel v. Sugen, Inc.*, 354 F. Supp. 2d 1098, 1111-12 (N.D. Cal. 2005) (citation omitted). But, as this Court has observed, Ninth Circuit precedent "surely signals the Ninth Circuit's **rejection** of the 'last business activity' test" in favor of one of the other two options. *Id*. at 1112 (emphasis added).

*Third*, even if CRS Inc. were an "inactive corporation" and Plaintiff's "last principal place of business" test applied despite the Ninth Circuit's apparent rejection of it, CRS Inc.'s last (and current) principal place of business is **New York**, not California. In *Sanderson*, the court found the defendant's last principal place of business to be California because one of its two officers, the CEO, was located in California, and that officer "directed" all of the defendant's business from California. 2013 U.S. Dist. LEXIS 93909, at *3-4, *16-18; *see also Snyder v. Advanced Acads., Inc.*, No. CIV-14-1383-R, 2015 WL 1529022, at *3 (W.D. Okla. Apr. 3, 2015) (last principal place of business test requires looking to state where officers "directed, controlled, and coordinated" its business activities). Here, in contrast to *Sanderson*, the undisputed evidence is that all "control and direction," 2013 U.S. Dist. LEXIS 93909, at *18, of CRS Inc.'s business was run from New York by CRS Inc.'s five exclusively New York-based officers. ECF Nos. 1-9 ¶¶ 11-12. Plaintiff was never an officer of CRS Inc.,[8] and there is no evidence that California was ever CRS Inc.'s principal place of business under *Hertz*. That is no surprise: CRS Inc.'s principal place of business has always been New York.[9]

---

[8] Plaintiff conclusorily asserts, without evidence, that she was "the officer listed on CRS Inc.'s Certificate of Qualification." Mot. at 5. However, the only evidence before the Court is that the officers of CRS Inc. are and always have been Brittany Bragg, Haim S. Chera, Richard S. Chera, Isaac Chera, and Stanley Chera—all based out of New York. ECF Nos. 1-9 ¶ 11. That Plaintiff may have unilaterally and inaccurately called herself a "President" when she filled out and filed CRS Inc.'s Certificate of Qualification does not make her an actual duly-appointed officer of CRS Inc.

[9] Plaintiff claims denying her Motion "would allow a corporation to defeat a Plaintiff's choice of forum by simply ceasing business operations in the face of a legal dispute and maintaining an appearance of control from another state." Mot. at 7. But Plaintiff ignores that the Supreme Court has adopted a simple rule: what is the corporation's citizenship at the time of the filing of the complaint? *See Grupo Dataflux*, 541 U.S. at 571. If a corporation truly has abandoned its prior principal place of business before a plaintiff files suit, it is not a citizen of that state, no matter the circumstances of its departure, as a case cited in the Notice of Removal yet ignored by Plaintiff confirms. *Redding v. Hitachi Am., Ltd.*, Case No. C 01 00481 WHA, 2002 WL 1787540, at *6 (N.D. Cal. July 22, 2002), *aff'd*, 69 F. App'x 887 (9th Cir. 2003). Regardless, CRS Inc. is not newly "maintaining an appearance of control from" New York, as Plaintiff baselessly claims (*see* Mot. at 7); CRS Inc. has always been controlled from New York.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Remand.

Dated: January 15, 2016                                      GIBSON, DUNN & CRUTCHER LLP


By:   /s/ James P. Fogelman
                James P. Fogelman

Attorneys for Defendants CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, and RICHARD S. CHERA