GIBSON, DUNN & CRUTCHER LLP
JAMES P. FOGELMAN, SBN 161584
  jfogelman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7234
Facsimile:  213.229.6234

MATTHEW S. KAHN, SBN 261679
  mkahn@gibsondunn.com
JENNA M. YOTT, SBN 251901
  jyott@gibsondunn.com
COURTNEY J. CHIN, SBN 307404
  cchin@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendants CROWN ACQUISITIONS,
INC.; CROWN RETAIL SERVICES LLC; CROWN
RETAIL SERVICES, INC.; BRITTANY HEATHER
BRAGG; HAIM S. CHERA; and RICHARD S. CHERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAUREN SMITH-HAMS DRESSLER, | CASE NO. 15-5330-VC |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| CROWN ACQUISITIONS, INC., CROWN RETAIL SERVICES LLC, CROWN RETAIL SERVICES, INC., BRITTANY HEATHER BRAGG, HAIM S. CHERA, RICHARD S. CHERA, and DOES 1-10, | Action Filed:  October 21, 2015<br>Amended Complaint Filed:  August 1, 2016<br><br>Trial Date:  February 21, 2017 |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

1

## DEFENDANTS' AMENDED ANSWER TO COMPLAINT

Plaintiff Lauren Smith-Hams Dressler filed an Amended Complaint on August 1, 2016 (the "Amended Complaint"). (ECF 38.)  Defendants Crown Acquisitions, Inc.; Crown Retail Services LLC; Crown Retail Services, Inc.; Brittany Heather Bragg; Haim S. Chera; and Richard S. Chera (collectively, the "Defendants"), through their undersigned counsel, have filed a Motion to Strike in response to the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f)(2).  (ECF 41.)  Defendants contend that, because they have filed a Motion to Strike, Rule 12(a)(4) absolves them of any obligation to file an Answer to the Amended Complaint until the Court has ruled on that motion. However, in an abundance of caution, and also as an accommodation to Plaintiff, who has indicated to Defendants that she wishes to serve discovery requests pertaining to this Answer in advance of the October 3, 2016 discovery cut-off, Defendants hereby submit the following Answer to the Amended Complaint, subject to the arguments made in, and any relief awarded pursuant to, their Motion to Strike.  By filing this Answer, Defendants in no way intend to waive or moot their Motion to Strike. *See, e.g.*, *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 224, 245 (D. Md. 2004) (holding that filing an answer does not render moot a motion to strike filed on the same day); *see also Nkemakolam v. St. John's Military Sch.*, 876 F.Supp.2d 1240, 1245-47 (D. Kan. 2012) (granting a motion to strike filed six minutes after an answer despite opposing party's objections that it was untimely).

Defendants do not respond to any of the headings contained in the Amended Complaint because these consist solely of Plaintiff's characterizations of her claims to which no response is required.  To the extent a response is required to any of the headings, Defendants deny each and every allegation contained in the headings.  Accordingly, Defendants respond to the allegations of the Amended Complaint as follows:

## I.   INTRODUCTION

1.   The allegations contained in Paragraph 1 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

2.      The allegations contained in Paragraph 2 set forth legal conclusions and characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## II.      JURISDICTION AND VENUE

3.      The allegations contained in Paragraph 3 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that the amount in controversy exceeds $75,000 but, because Plaintiff failed to allege the citizenship of the newly added parties, Defendants lack knowledge or information sufficient to form a belief as to whether (1) "this is a civil action between citizens of different states" or (2) this Court has jurisdiction.

4.      The allegations contained in Paragraph 4 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that, to the extent this Court has jurisdiction (which Defendants are unable to admit), venue is proper in the Northern District of California.

## III.      INTRADISTRICT ASSIGNMENT

5.      The allegations contained in Paragraph 5 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that, to the extent this Court has jurisdiction (which Defendants are unable to admit), this matter has been and should remain assigned to the San Francisco Division of the United States District Court for the Northern District of California.

## IV.      PARTIES

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis deny each and every allegation contained therein.

7.      Defendants deny each and every allegation contained in Paragraph 7, except to admit that Crown Acquisitions, Inc. is a New York corporation, with its principal place of business located at 767 5th Avenue, 24th Floor, New York, New York.

8. Defendants deny each and every allegation contained in Paragraph 8, except to admit that Crown Retail Services LLC (erroneously referred to as "Crown Retail Services, LLC") is a Delaware limited liability company, with its principal place of business located at 767 5th Avenue, 24th Floor, New York, New York.

9. Defendants deny each and every allegation contained in Paragraph 9, except to admit that Crown Retail Services, Inc. is a Delaware corporation, with its principal place of business located at 767 5th Avenue, 24th Floor, New York, New York.

10. Defendants admit the allegations contained in Paragraph 10, except to deny that Ms. Bragg holds any formal position specifically with any of the Crown Entities.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants deny that 100-120 Powell Owner, L.P. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 13, except to admit that 100-120 Powell Owner, L.P. is a Delaware limited partnership.

14. Defendants deny that 100-120 Powell Owner GP, L.L.C. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 14, except to admit that 100-120 Powell Owner GP, L.L.C. is a Delaware limited liability company.

15. Defendants deny that 72 Ellis Owner, L.P. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 15, except to admit that 72 Ellis Owner, L.P. is a Delaware limited partnership.

16. Defendants deny that 72 Ellis Owner GP, L.L.C. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 16, except to admit that 72 Ellis Owner GP, L.L.C. is a Delaware limited liability company.

17. Defendants deny that 440 Geary Owner, L.P. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 17, except to admit that 440 Geary Owner, L.P. is a Delaware limited partnership.

18.     Defendants deny that 440 Geary Owner GP, L.L.C. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 18, except to admit that 440 Geary Owner GP, L.L.C. is a Delaware limited liability company.

19.     Defendants deny that CA/RH SF Holdings, L.P. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 19, except to admit that 440 Geary Owner, L.P. is a Delaware limited partnership.

20.     Defendants deny that CA/RH Holdings GP, LLC. is a proper "Doe" defendant. Defendants further deny each and every allegation contained in Paragraph 20, except to admit that CA/RH Holdings GP, LLC is a Delaware limited liability company, which may be served with process through its registered agent of Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

21.     Defendants deny that CA USquare LLC is a proper "Doe" defendant.  Defendants further deny each and every allegation contained in Paragraph 21, except to admit that CA USquare LLC is a Delaware limited liability company.

22.     Defendants deny that ICS RE Holdings LLC is a proper "Doe" defendant.  Defendants further deny each and every allegation contained in Paragraph 22, except to admit that ICS RE Holdings LLC is a Delaware limited liability company.

23.     Defendants deny that ICS USquare LLC is a proper "Doe" defendant.  Defendants further deny each and every allegation contained in Paragraph 23, except to admit that ICS USquare LLC is a Delaware limited liability company.

24.     The allegations contained in Paragraph 24 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and last sentences of Paragraph 25.  Defendants deny each and every allegation contained in the remainder of Paragraph 25.

Gibson, Dunn &
Crutcher LLP

1

## V.    GENERAL FACTUAL ALLEGATIONS

2

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

3
the allegations contained in Paragraph 26, and on that basis deny each and every allegation contained

4
therein.

5

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

6
the allegations contained in Paragraph 27, and on that basis deny each and every allegation contained

7
therein.

8

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

9
the allegations contained in Paragraph 28, and on that basis deny each and every allegation contained

10
therein, except to admit that Ms. Dressler and Ms. Bragg were both members of the same business

11
school class.

12

29.     Defendants deny each and every allegation contained in Paragraph 29, except to admit

13
that, as of the 2008-2009 academic year, Crown Retail Services LLC had not yet been formally

14
formed.

15

30.     Defendants deny each and every allegation contained in Paragraph 30, except to admit

16
that Ms. Bragg was offered a position with Crown in 2009.

17

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

18
the allegations contained in Paragraph 31, and on that basis deny each and every allegation contained

19
therein.

20

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of

21
the allegations contained in Paragraph 32, and on that basis deny each and every allegation contained

22
therein.

23

33.     Defendants deny each and every allegation contained in the first sentence of Paragraph

24
18 and lack knowledge or information sufficient to form a belief as to the truth of the allegations

25
contained in the remainder of Paragraph 33, and on that basis deny each and every allegation

26
contained therein.

27

34.     Defendants deny each and every allegation contained in Paragraph 34.

28

35.     Defendants deny each and every allegation contained in Paragraph 35.

36.     Defendants deny each and every allegation contained in Paragraph 36.

**Creation of Ms. Dressler's Position**

37.     Defendants deny each and every allegation contained in the first, fourth and fifth sentences of Paragraph 37, lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 37, and admit the allegations contained in the second sentence of Paragraph 37.

38.     Defendants deny each and every allegation contained in Paragraph 38, except to admit that in or about late March 2013, Ms. Bragg and Ms. Dressler discussed by phone a potential position for Ms. Dressler with Crown, and as of that time Crown only had offices in New York.

39.     Defendants deny each and every allegation contained in Paragraph 39, except to admit that on March 29, 2013, Ms. Dressler sent Ms. Bragg a document by email.

40.     Defendants deny each and every allegation contained in Paragraph 40.

41.     Defendants deny each and every allegation contained in Paragraph 41, except to admit that Ms. Dressler and Ms. Bragg drove together from Los Altos to San Francisco on June 21, 2013.

42.     Defendants deny each and every allegation contained in Paragraph 42, except to admit that Ms. Bragg advised Ms. Dressler, and Ms. Dressler said she understood, that any role with Crown would carry inherent risk, as her potential compensation was contingent on successfully completing brokerage transactions or successfully identifying, sourcing, and managing potential acquisitions.

43.     Defendants deny each and every allegation contained in Paragraph 43, except to admit that Ms. Bragg does not have a written contract with any of the Crown Entities.

44.     Defendants deny each and every allegation contained in Paragraph 44, except to admit that on June 23, 2013, Ms. Dressler sent Ms. Bragg an email, and on June 25, 2013, Ms. Dressler sent Ms. Bragg a document labeled "Summary of Key Terms."

45.     Defendants deny each and every allegation contained in Paragraph 45, except to admit that Ms. Bragg and Ms. Dressler spoke by telephone on or around June 25, 2013.

46.     Defendants deny each and every allegation contained in Paragraph 46.

47.     Defendants deny each and every allegation contained in Paragraph 47, including the allegations in Paragraph 47(a)-(g).

48.     The allegations contained in Paragraph 48 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny each and every allegation contained therein.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny each and every allegation contained therein.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 50.  Defendants deny each and every allegation contained in the remainder of Paragraph 50.

51.     The allegations contained in Paragraph 51 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis deny each and every allegation contained therein.

**Establishment of Crown's West Coast Business**

52.     Defendants deny each and every allegation contained in Paragraph 52.

53.     Defendants deny each and every allegation set forth in Paragraph 53 and Paragraphs 53(b), (e) and (h), lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraphs 53(c), (d), (f), (g) and (j), and admit the allegations in Paragraphs 53(a) and (i).

54.     Defendants deny each and every allegation contained in Paragraph 54, except to admit that in the supporting documentation for the Certificate of Qualification, Ms. Dressler listed herself as the President of CRS Inc.

55.     Defendants deny each and every allegation contained in Paragraph 55, except to admit that CRS Inc. performed brokerage services on the West Coast.

Gibson, Dunn & Crutcher LLP

56.     Defendants deny each and every allegation contained in Paragraph 56, except to admit that certain monies due to Crown may pass through the CRS Inc. bank account.

57.     Defendants deny each and every allegation contained in Paragraph 57.

58.     Defendants deny each and every allegation contained in Paragraph 58.

59.     The allegations contained in Paragraph 59 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained in Paragraph 59.

60.     Defendants deny each and every allegation contained in Paragraph 60, except to admit that Mr. Haim Chera made a West Coast trip in or around August 2014.

**Ms. Dressler's Substantial Work for Crown**

61.     Defendants deny each and every allegation contained in Paragraph 61, except to admit that Ms. Dressler worked on a project for one of Crown's clients, a global chocolate retailer, with Ms. Pittarelli.

62.     Defendants deny each and every allegation contained in Paragraph 62, except to admit that Ms. Bragg called Ms. Dressler in January 2015 to discuss the aforementioned project with Ms. Pittarelli.

63.     Defendants deny each and every allegation contained in Paragraph 63.

64.     Defendants deny each and every allegation contained in Paragraph 64, except to admit that an exclusive tenant representation assignment was included in Crown's first proposal sent to the retailer.

65.     Defendants deny each and every allegation contained in Paragraph 65, except to admit that Ms. Dressler, Ms. Bragg, and Ms. Pittarelli attended a meeting at the retailer's offices in April 2015, and that Crown agreed to take on the consulting work for a specific project fee.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 66, and on that basis deny each and every allegation contained therein.  Defendants deny each and every allegation contained in the remainder of Paragraph 66, except to admit that the final project deliverable was a 90-page report.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and on that basis deny each and every allegation contained therein.

68.     Defendants deny each and every allegation contained in Paragraph 68.

**Investment in Hotel Union Square**

69.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny each and every allegation contained therein.

70.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny each and every allegation contained therein.

71.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 71, and on that basis deny each and every allegation contained therein.  Defendants deny each and every allegation contained in the remainder of Paragraph 71, except to admit that, due to Plaintiff's incompetence, Crown determined not to submit an offer on the December 2014 Call for Offers date.

72.     Defendants deny each and every allegation contained in Paragraph 72, except to admit that Ms. Dressler, Ms. Bragg, and Mr. Haim Chera had a telephonic discussion on Saturday, February 7, 2015.

73.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny each and every allegation contained therein.

74.     Defendants deny each and every allegation contained in Paragraph 74.

75.     Defendants deny each and every allegation contained in Paragraph 75, except to admit that in response to a question from Ms. Dressler about the equity structure of the Hotel USQ transaction, Ms. Bragg responded that it was in flux.

76.     Defendants deny each and every allegation contained in Paragraph 76, except to admit that the transaction involving the Hotel USQ closed on May 13, 2015 and Plaintiff did not invest funds in it.

77.     Defendants deny each and every allegation contained in Paragraph 77.

78.     Defendants deny each and every allegation contained in Paragraph 78.

Gibson, Dunn & Crutcher LLP

79.     Defendants deny each and every allegation contained in Paragraph 79, except to admit that on or about June 12, 2015, Ms. Dressler sent Ms. Bragg, Mr. Haim Chera, Mr. Isaac Chera, and Mr. Richard Chera an email.

80.     Defendants deny each and every allegation contained in Paragraph 80, except to admit that Mr. Chera spoke by telephone with Ms. Dressler following Ms. Dressler's resignation.

81.     Defendants deny each and every allegation contained in Paragraph 81, except to admit that Crown has not provided Ms. Dressler with any equity participation, promoted interest, or other compensation for the Hotel USQ acquisition, which Defendants deny was owed to Ms. Dressler.

82.     Defendants deny each and every allegation contained in Paragraph 82.

## FIRST CLAIM FOR RELIEF
**(Breach of Written Contract — Against Crown Acquisitions, Inc.; Crown Retail Services LLC; Brittany H. Bragg; Haim S. Chera; and Richard S. Chera)**

83.     In response to the allegations contained in Paragraph 83, Defendants repeat and reallege every response above as if fully set forth herein.

84.     Defendants deny each and every allegation contained in Paragraph 84.

85.     Defendants deny each and every allegation contained in Paragraph 85, except to admit that Ms. Dressler sent Ms. Bragg an email on June 23, 2013 and June 25, 2013.

86.     Defendants deny each and every allegation contained in Paragraph 86, except to admit that Ms. Bragg and Ms. Dressler spoke by telephone on or around June 25, 2013.

87.     Defendants deny each and every allegation contained in Paragraph 87.

88.     Defendants deny each and every allegation contained in Paragraph 88.

89.     Defendants deny each and every allegation contained in Paragraph 89.

90.     The allegations contained in Paragraph 90 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

91.     The allegations contained in Paragraph 91 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

92.     The allegations contained in Paragraph 92 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

93.     The allegations contained in Paragraph 93 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

94.     The allegations contained in Paragraph 94 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

### SECOND CLAIM FOR RELIEF
**(Breach of Oral Contract — Against Crown Acquisitions, Inc., Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera, and Richard S. Chera)**

95.     In response to the allegations contained in Paragraph 95, Defendants repeat and reallege every response above as if fully set forth herein.

96.     The allegations contained in Paragraph 96 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

97.     Defendants deny each and every allegation contained in Paragraph 97, except to admit that Ms. Dressler sent Ms. Bragg a document on March 29, 2013.

98.     Defendants deny each and every allegation contained in Paragraph 98, except to admit that Ms. Dressler and Ms. Bragg drove together from Los Altos to San Francisco on June 21, 2013.

99.     Defendants deny each and every allegation contained in Paragraph 99.

100.    Defendants deny each and every allegation contained in Paragraph 100, except to admit that Ms. Dressler sent Ms. Bragg on email on June 21, 2013.

101.    Defendants deny each and every allegation contained in Paragraph 101, except to admit that Ms. Bragg and Ms. Dressler spoke by telephone on or around June 25, 2013.

102.    Defendants deny each and every allegation contained in Paragraph 102, except to admit that Ms. Bragg and Ms. Dressler spoke by telephone on or around June 25, 2013.

Gibson, Dunn &
Crutcher LLP

103.    The allegations contained in Paragraph 103 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

104.    Defendants deny each and every allegation contained in Paragraph 104.

105.    Defendants deny each and every allegation contained in Paragraph 105.

106.    The allegations contained in Paragraph 106 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

107.    The allegations contained in Paragraph 107 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

108.    The allegations contained in Paragraph 108 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

109.    The allegations contained in Paragraph 109 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

110.    The allegations contained in Paragraph 110 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

111.    The allegations contained in Paragraph 111 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF
**(Breach of the Implied Covenant of Good Faith and Fair Dealing — Against Crown Acquisitions, Inc., Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera and Richard S. Chera)**

112.    In response to the allegations contained in Paragraph 112, Defendants repeat and reallege every response above as if fully set forth herein.

Gibson, Dunn & Crutcher LLP

113.     The allegations contained in Paragraph 113 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

114.     The allegations contained in Paragraph 114 set forth legal conclusions to which no response is required.

115.     The allegations contained in Paragraph 115 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

116.     The allegations contained in Paragraph 116 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF
**(Fraudulent Inducement/Intentional Misrepresentation - Cal. Civ. Code § 1710(1)—Against Crown Acquisitions, Inc., Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera, and Richard S. Chera)**

117.     In response to the allegations contained in Paragraph 117, Defendants repeat and reallege every response above as if fully set forth herein.

118.     The allegations contained in Paragraph 118 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

119.     Defendants deny each and every allegation contained in Paragraph 119, except to admit that Ms. Bragg may have told Ms. Dressler that she would discuss a "one pager" concerning Ms. Dressler with Mr. Haim Chera.

120.     Defendants deny each and every allegation contained in Paragraph 120, including the allegations in Paragraphs 120(a)-(c), except to admit that Ms. Dressler and Ms. Bragg drove together from Los Altos to San Francisco on June 21, 2013.

121.     Defendants deny each and every allegation contained in Paragraph 121.

122.     Defendants deny each and every allegation contained in Paragraph 122.

123.     Defendants deny each and every allegation contained in Paragraph 123.

124.    Defendants deny each and every allegation contained in Paragraph 124.

125.    The allegations contained in Paragraph 125 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

126.    The allegations contained in Paragraph 126 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

127.    The allegations contained in Paragraph 127 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

128.    The allegations contained in Paragraph 128 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

129.    The allegations contained in Paragraph 129 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

130.    The allegations contained in Paragraph 130 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

131.    The allegations contained in Paragraph 131 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

132.    The allegations contained in Paragraph 132 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**
**(Negligent Misrepresentation - Cal. Civ. Code § 1710(2)—Against Crown Acquisitions, Inc.,**
**Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera, and Richard S. Chera)**

133.    In response to the allegations contained in the first clause of the first sentence of Paragraph 133, Defendants repeat and reallege every response above as if fully set forth herein.  The additional allegations contained in Paragraph 133 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

134.    The allegations contained in Paragraph 134 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

135.    The allegations contained in Paragraph 135 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

136.    The allegations contained in Paragraph 136 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

137.    The allegations contained in Paragraph 137 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

138.    The allegations contained in Paragraph 138 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

139.    The allegations contained in Paragraph 139 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF
### (False Promise - Cal. Civil Code § 1710(4)—Against Crown Acquisitions, Inc., Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera, and Richard S. Chera)

140.    In response to the allegations contained in the first clause of the first sentence of Paragraph 140, Defendants repeat and reallege every response above as if fully set forth herein.  The additional allegations contained in Paragraph 140 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

141.    The allegations contained in Paragraph 141 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

142.    The allegations contained in Paragraph 142 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

143.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143, and on that basis deny each and every allegation contained therein.

144.    Defendants deny each and every allegation contained in Paragraph 144.

145.    Defendants deny each and every allegation contained in Paragraph 145.

146.    The allegations contained in Paragraph 146 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

147.    The allegations contained in Paragraph 147 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

148.    The allegations contained in Paragraph 148 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

149.     The allegations contained in Paragraph 149 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

150.     The allegations contained in Paragraph 150 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

151.     The allegations contained in Paragraph 151 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF
**(Fraud/Concealment Cal. Civ. Code § 1710(3)—Against Crown Acquisitions, Inc., Crown Retail Services, LLC, Brittany H. Bragg, Haim S. Chera, and Richard S. Chera)**

152.     In response to the allegations contained in Paragraph 152, Defendants repeat and reallege every response above as if fully set forth herein.

153.     The allegations contained in Paragraph 153 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

154.     The allegations contained in Paragraph 154 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

155.     The allegations contained in Paragraph 155 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

156.     Defendants deny each and every allegation contained in Paragraph 156, except to admit that Ms. Bragg may have told Ms. Dressler that she would discuss a "one pager" concerning Ms. Dressler with Mr. Haim Chera.

157.     Defendants deny each and every allegation contained in Paragraph 157, including the allegations in Paragraphs 157(a)-(e), except to admit that Ms. Dressler and Ms. Bragg drove together from Los Altos to San Francisco on June 21, 2013.

Gibson, Dunn & Crutcher LLP

158.     Defendants deny each and every allegation contained in Paragraph 158.

159.     Defendants deny each and every allegation contained in Paragraph 159, including the allegations in Paragraphs 159(a)-(b), except to admit that Ms. Bragg and Ms. Dressler spoke by telephone on or around June 25, 2013.

160.     Defendants deny each and every allegation contained in Paragraph 160, except to admit that Ms. Bragg gave Ms. Dressler a letter for Ms. Dressler's bank describing Ms. Dressler's role and compensation structure.

161.     Defendants deny each and every allegation contained in Paragraph 161.

162.     Defendants deny each and every allegation contained in Paragraph 162.

163.     Defendants deny each and every allegation contained in Paragraph 163.

164.     Defendants deny each and every allegation contained in Paragraph 164, except to admit that on or around February 7, 2015, Ms. Bragg, Mr. Haim Chera, and Ms. Dressler spoke by telephone.

165.     Defendants deny each and every allegation contained in Paragraph 165.

166.     Defendants deny each and every allegation contained in Paragraph 166.

167.     The allegations contained in Paragraph 167 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

168.     Defendants deny each and every allegation contained in Paragraph 168.

169.     The allegations contained in Paragraph 169 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

170.     The allegations contained in Paragraph 170 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

171.     The allegations contained in Paragraph 171 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

172.     The allegations contained in Paragraph 172 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF
### (Violations of California Labor Code §§ 970 and 972 — Against Crown Acquisitions, Inc. and Crown Retail Services, LLC)

173.     In response to the allegations contained in Paragraph 173, Defendants repeat and reallege every response above as if fully set forth herein.

174.     The allegations contained in Paragraph 174 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

175.     The allegations contained in Paragraph 175 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

176.     Defendants admit the allegations contained in Paragraph 176.

177.     Defendants deny each and every allegation contained in Paragraph 177, except to admit that one of the Crown Entities offered Ms. Dressler participation in a health insurance plan available to Crown affiliates.

178.     Defendants deny each and every allegation contained in Paragraph 178.

179.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179, and on that basis deny each and every allegation contained therein.

180.     The allegations contained in Paragraph 180 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

181.     Defendants deny each and every allegation contained in Paragraph 181.

182.     Defendants deny each and every allegation contained in Paragraph 182.

183.     Defendants deny each and every allegation contained in Paragraph 183.

184.    The allegations contained in Paragraph 184 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

185.    The allegations contained in Paragraph 185 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

186.    Defendants deny each and every allegation contained in Paragraph 186, including the allegations in Paragraphs 157(a)-(c), except to admit that Ms. Dressler and Ms. Bragg drove together from Los Altos to San Francisco on June 21, 2013.

187.    Defendants deny each and every allegation contained in Paragraph 187.

188.    The allegations contained in Paragraph 188 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

189.    The allegations contained in Paragraph 189 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

190.    The allegations contained in Paragraph 190 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

191.    The allegations contained in Paragraph 191 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

192.    The allegations contained in Paragraph 192 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

193.    The allegations contained in Paragraph 193 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

194.    The allegations contained in Paragraph 194 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.  Defendants further deny any liability to Plaintiff.

195.    The allegations contained in Paragraph 195 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.  Defendants further deny any liability to Plaintiff.

### NINTH CLAIM FOR RELIEF
**(Failure to Pay Wages – Violations of Cal. Labor Code § 202— Against Crown Acquisitions, Inc. and Crown Retail Services, LLC)**

196.    In response to the allegations contained in Paragraph 196, Defendants repeat and reallege every response above as if fully set forth herein.

197.    The allegations contained in Paragraph 197 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Ms. Dressler "identif[ied], evaluat[ed], research[ed], and pursu[ed] various commercial properties and opportunities" and that Ms. Dressler "gather[ed] market intelligence," and on that basis deny each and every allegation contained in those portions of Paragraph 198. Defendants deny each and every allegation contained in the remainder of Paragraph 198, except to admit that Ms. Dressler performed work for the Crown Entities including leading investor partners on market tours.

199.    The allegations contained in Paragraph 199 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

200.    Defendants deny each and every allegation contained in Paragraph 200.

201.    The allegations contained in Paragraph 201 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

202.     The allegations contained in Paragraph 202 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## TENTH CLAIM FOR RELIEF
### (Quantum Meruit — Against Crown Acquisitions, Inc.; Crown Retail Services LLC; Brittany H. Bragg; Haim S. Chera; and Richard S. Chera)

203.     In response to the allegations contained in Paragraph 203, Defendants repeat and reallege every response above as if fully set forth herein.

204.     The allegations contained in Paragraph 204 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

205.     Defendants deny each and every allegation contained in Paragraph 205.

206.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Ms. Dressler "identif[ied], evaluat[ed], research[ed], and pursu[ed] various commercial properties and opportunities" and that Ms. Dressler "gather[ed] market intelligence," and on that basis deny each and every allegation contained in those portions of Paragraph 206. Defendants deny each and every allegation contained in the remainder of Paragraph 206, except to admit that Ms. Dressler performed work for the Crown Entities including leading investor partners on market tours.

207.     Defendants deny each and every allegation contained in Paragraph 207, except to admit that Ms. Dressler performed work on a consulting project.

208.     Defendants deny each and every allegation contained in Paragraph 208.

209.     Defendants deny each and every allegation contained in Paragraph 209.

210.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 210, and on that basis deny each and every allegation therein.

211.     The allegations contained in Paragraph 211 set for legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ELEVENTH CLAIM FOR RELIEF**
**(Request for Declaratory Relief — Against All Defendants)**

212.    In response to the allegations contained in Paragraph 212, Defendants repeat and reallege every response above as if fully set forth herein.

213.    The allegations contained in Paragraph 213 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

214.    The allegations contained in Paragraph 214 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

215.    The allegations contained in Paragraph 215 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

216.    The allegations contained in Paragraph 216 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

217.    The allegations contained in Paragraph 217 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

218.    The allegations contained in Paragraph 218 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

219.    Defendants deny each and every allegation contained in Paragraph 219.

220.    The allegations contained in Paragraph 220 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT– CASE NO. 15-5330-VC

## TWELFTH CLAIM FOR RELIEF
### (Request for Accounting – Against All Defendants)

221.    In response to the allegations contained in Paragraph 221, Defendants repeat and reallege every response above as if fully set forth herein.

222.    The allegations contained in Paragraph 222 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

223.    Defendants deny each and every allegation contained in Paragraph 223, except to admit that Ms. Dressler has resigned from her position with Crown.

224.    The allegations contained in Paragraph 224 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

225.    The allegations contained in Paragraph 225 are characterizations of Plaintiff's claims, to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

226.    Defendants deny each and every allegation contained in Paragraph 226, except to admit that certain Defendants partially control one or more of the Hotel USQ Special Purpose Entities and CRS Inc.

227.    The allegations contained in Paragraph 227 set forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny each and every allegation contained therein.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff has any valid claims against them and deny that Plaintiff is entitled to any of the relief requested, including judgment, damages of any kind (including special, punitive, exemplary, or double damages), accounting, payment, civil penalties, costs, attorney's fees, pre- or post-judgment interest, or any other relief.

Gibson, Dunn &
Crutcher LLP

### GENERAL DENIAL

1.      Except as otherwise expressly recognized in Paragraphs 1 through 227 above, Defendants deny each and every allegation contained in the Amended Complaint, including, without limitation, the headings and subheadings of the Amended Complaint, and specifically deny any liability to Plaintiff.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed denied.  To the extent that the Amended Complaint references excerpts from conversations or documents, Defendants deny any characterization of such conversation or document in the Amended Complaint, and further deny that any quotation from such conversation or document by Plaintiff accurately states or reflects the full contents of such conversation or document.  Defendants expressly reserve the right to amend and/or supplement their Answer.

### SEPARATE AND ADDITIONAL DEFENSES

2.      Without admitting any of the facts alleged in the Amended Complaint, Defendants hereby assert and allege the following separate and additional defenses, without prejudice to Defendants' right to argue that Plaintiff bears the burden of proof as to any one or more of the following defenses.  Furthermore, all defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever.  Defendants may have additional affirmative defenses of which they are not fully aware and reserve the right to assert additional affirmative defenses after they are ascertained.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

**(Failure to State a Claim)**

3.      The Amended Complaint, and each and every purported cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Defendants.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT– CASE NO. 15-5330-VC

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

4.      One or more claims in the Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations including, but not limited to, Section 340(a) of the California Code of Civil Procedure and Section 203 of the California Labor Code.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

5.      The Amended Complaint, and each and every purported cause of action asserted therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel, Waiver, Ratification, Consent)

6.      The Amended Complaint, and each and every purported cause of action asserted therein, is barred, in whole or in part, by the doctrine(s) of estoppel, waiver, ratification, and/or consent.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

7.      One or more claims in the Amended Complaint are barred, in whole or in part, to the extent that Plaintiff failed to mitigate damages.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions by Plaintiff and/or Third Parties)

8.      The Amended Complaint, and each and every purported cause of action asserted therein, is barred, in whole or in part, to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff and/or third parties outside of Defendants' control.

Gibson, Dunn &
Crutcher LLP

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Plaintiff's Breach and/or Defendants' Excuse from Performance)

9.     One or more claims in the Amended Complaint are barred, in whole or in part, by Plaintiff's breach of the agreement(s), if any, among the parties and the implied covenant of good faith and fair dealing therein, and/or to the extent that Defendants were excused from performance under the circumstances.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

#### (Offset)

10.     The Amended Complaint, and each and every purported cause of action asserted therein, is barred to the extent that any claimed injury or damage has been offset by benefits received by Plaintiff with respect to the challenged conduct.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

#### (Failure to Exhaust Administrative Remedies and Notice Requirements)

11.     One or more claims in the Amended Complaint are barred, in whole or in part, to the extent Plaintiff has failed to satisfy statutory notice and exhaustion requirements, and to the extent she has otherwise failed to exhaust her administrative remedies.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Unjust Enrichment & Duplicative Recovery)

12.     Plaintiff is not entitled to recovery of statutory penalties to the extent that such penalties are sought in addition to damages for the same claims, and such duplicative recovery is barred by the doctrine of unjust enrichment.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Unconstitutionality)

13.     Although Defendants deny that they committed or have responsibility for any act that could support statutory recovery or punitive damages recovery, if and to the extent that any such

liability is found, statutory or punitive damages recovery against Defendants is unconstitutionally excessive and violates Defendants' due process rights.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Frauds)

14.     One or more claims in the Amended Complaint are barred, in whole or in part, by the Statute of Frauds, Section 1624 of the California Civil Code.

## RESERVATION OF ALL OTHER AFFIRMATIVE DEFENSES

15.     Defendants have insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.  Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to raise additional affirmative defenses as they become known through discovery in this matter.  Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Defendants pray for relief as follows:

3

    1.  That Plaintiff takes nothing by this action;

4

    2.  That the Amended Complaint and all purported causes of action alleged therein be

5

        dismissed with prejudice;

6

    3.  That Defendants be awarded their costs of suit and reasonable attorneys' fees, including

7

        those permitted by California Labor Code § 218.5; and

8

    4.  That Defendants be awarded such further relief as this Court deems appropriate.

9

10

Dated: August  15, 2016

11

                          GIBSON, DUNN & CRUTCHER LLP

12

13

                          By:  /s/ Matthew S. Kahn
                                      Matthew S. Kahn

14

15

                          Attorneys for Defendants CROWN ACQUISITIONS,
INC., CROWN RETAIL SERVICES LLC, CROWN

16

                          RETAIL SERVICES, INC., BRITTANY HEATHER
BRAGG, HAIM S. CHERA, and RICHARD S. CHERA

17

18

19

20

21

22

23

24

25

26

27

28